IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OSCAR CASTILLO,

        Plaintiff,

v.                                                                                      CIV 12-0514 JB/KBM

FORD MOTOR CO., et al.,

        Defendant.

# PROPOSED FINDINGS
# AND
# RECOMMENDED DISPOSITION

        THIS MATTER is before the Court on The Honorable James O. Browning Order referring this matter to me pursuant to 28 U.S.C. § 636(b)(1)(B) to conduct hearings, if warranted, and perform any legal analysis required to recommend the ultimate disposition of this case.  *See Doc. 27*.  In an Order entered November 11, 2012 *(Doc. 28)*, I noted that Plaintiff's attorney had been permitted to withdraw, and that Plaintiff Oscar Castillo now appears pro se.  *See Doc. 26*.  I therefore required the Clerk to send to Plaintiff a copy of the "Guide for Pro Se Litigants" so that he was "apprized of his obligations and responsibilities as a pro se litigant."  *Id.* at 1.

        I further noted that there is a pending Motion to Enforce Settlement Agreement which was filed by Defendant Ford Motor Company on September 14, 2012. *See Doc. 9*.  Although Plaintiff was given an extension until October 12, 2012 to file a response to the motion, none was filed.  Defendant Ford then filed a notice of completion of briefing because Plaintiff had filed to timely respond.  *See Doc. 23.*  Counsel for Plaintiff was permitted to withdraw on October 31, 2012, however, and I felt that Plaintiff should be given a final opportunity to be

heard on the motion. I specifically cautioned Plaintiff that his failure to file a response in opposition to the motion by November 26, 2012 would be deemed consent to grant the motion pursuant to D.N.M.LR- Civ.7.1(b). *See Doc. 28*. As of today, no response has been filed.

The Court has reviewed the motion to enforce the settlement agreement, memorandum and exhibits submitted by Defendant and finds that a hearing is unnecessary for its determination. The motion is thorough and accurately sets out the applicable case law. Finding the motion to be well taken, the Court will recommend to Judge Browning that it be granted.

## I. BACKGROUND

Defendant sets out the background as follows.

> This case was transferred from the Southern District of Texas on May 15, 2012, upon a Transfer Order granting Defendant's Motion to Transfer, to which a report of no opposition was filed by Plaintiff. [Doc. No. 2, Transfer Order]. This case originated in the Southern District of Texas as part of a diversity matter (with other named-plaintiffs and named-defendants not parties to the instant case) alleging damages arising from a supposedly defective cruise control switch in Plaintiff's 2002 Ford F150. [Doc. No. 3, Complaint, at pages 2 and 8]. The case was transferred to a federal MDL docket before the E.D. Michigan, and then transferred back to the S.D. Texas after a settlement was reached during the course of a Settlement Facilitation. It is that settlement that Ford now seeks to enforce.

*Doc. 9* at 8.

## II. LEGAL STANDARD

On a motion to enforce a settlement agreement, the Tenth Circuit, like many of the other federal circuit courts of appeal, has typically required an evidentiary hearing only "where material facts concerning the existence or terms of an agreement to settle are in dispute." *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993) (collecting cases from the Third, Fourth, Fifth, Sixth, Eighth, Ninth, and D.C. Circuit Courts of Appeal). *See also Chicano Police Officer's Ass'n v. Stover*, 624 F.2d 127, 131-32 (10th Cir. 1980) (remanding for evidentiary

hearing to determine material facts in dispute concerning settlement terms). Here, because there has been no response, the facts are undisputed and only the application of the law to those facts is at issue. *See e.g.*, *Gomez v. Jones-Wilson*, No.31,085 (N.M. Ct. App. October 24, 2012) (reversing enforcement of pre-litigation oral settlement agreement where there was no evidence of attorney's authority to enter into settlement on his client's behalf).

### III. ANALYSIS

It is uncontroverted that a mediation was held before Martin Waldman on January 27, 2011 and that an agreement was reached and the written agreement (Exhibit A to the Motion) was signed by counsel for the parties. There is a confidentiality provision as to the amount of the sum to be paid to Plaintiff, but that specific amount is set forth in an unredacted copy of the agreement on file but available only to the parties and the Court. *Doc. 15*.

At the settlement facilitation, the parties exchanged a series of offers and counteroffers and finally reached a negotiated resolution which called for the parties to execute a "standard settlement agreement." The "Facilitation Agreement" which serves as the written memorialization of the agreement executed by counsel at the mediation is both clear and unambiguous and sets forth the material terms. *Doc. 9-1*. It was ten months later that Plaintiff, in a letter from his counsel who executed the facilitation agreement, characterized the agreement as a mere "offer to settle" and insisted on an amount ten-fold higher. *Doc. 9-2*.

Yet Plaintiff has come forward with absolutely no information demonstrating that his counsel did not enter into this agreement with his client's authority to do so or that there was any fraud or misrepresentation in the terms of the agreement. The undisputed facts show that Plaintiff's attorney bargained in good faith with his client's authority to do so and obtained a binding resolution to the litigation which is enforceable.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion to Enforce Settlement Agreement be **granted.**

> **The parties are further notified that within 14 days of service of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES CHIEF MAGISTRATE JUDGE