IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OSCAR CASTILLO,

      Plaintiff

v.                                           CIV 12-0514 JB/KBM

FORD MOTOR CO., et al.,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

On March 4, 2013, presiding District Judge James O. Browning entered a Memorandum Opinion and Order:  (i) adopting my Proposed Findings and Recommended Disposition, filed December 27, 2012 *(Doc. 29),* recommending that Ford Motor Company's motion to enforce the settlement agreement *(Doc. 9)* be granted; (ii) denying Defendant Ford Motor Company's request for attorney fees associated with the motion; (iii) requiring that by April 3, 2013, Plaintiff Oscar Castillo and Ford Motor Company carry out the terms of the their settlement, notify the Court of the same, and submit closing documents to finalize this matter as to these parties; and (iv) that Castillo show cause why his action against the remaining Defendants should not be dismissed for lack of service.

Instead, on April 4, 2013, Defendant Ford Motor Company advised the Court of the steps it had taken to comply with Judge Browning's directives in a motion to dismiss this action with prejudice.  *See Doc. 31.*  Defendant has filed copies of the settlement and closing documents it sent by certified mail and the returned receipt signed by an

Irma Castillo on March 14, 2013.  Pro se Plaintiff Oscar Castillo failed to respond in any

way.  *See Doc. 31* at 1-2.  Nor has Plaintiff Castillo filed anything in response to either

Judge Browning's Order or to Defendant Ford Motor Company's Motion to Dismiss as of

today.

This case languishes due to Plaintiff's failure to follow the Rules and Orders of

the Court.  As Defendant recites in its motion,

> "Even a pro se litigant must follow the same rules of procedure that govern
> other litigants."  *Santistevan v. Colo. Sch. of Mines*, 150 Fed. Appx. 927,
> 931 (10th Cir. 2005) ("Further, we find support for the district court's
> finding of willful failure to comply with court orders.  Plaintiff was obligated
> by court rules to notify the court of any address change, yet he failed to
> keep in contact with his attorney or the court.") (citation and internal
> quotations omitted).   "Although dismissal is . . . a drastic sanction," the
> Tenth Circuit has "repeatedly upheld dismissals in situations where the
> parties themselves neglected their cases or refused to obey court orders."
> *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (citation omitted).
> Here, Plaintiff has neglected this case and refused to obey a court order,
> despite Ford's attempts to effectuate the settlement.
>
> Furthermore, the Court has the inherent power to impose a variety
> of sanctions on litigants to, among other things, regulate its docket and
> promote judicial efficiency. *See Martinez v. IRS*, 744 F.2d 71, 73 (10th Cir.
> 1984). One such sanction within the discretion of the Court is to dismiss
> an action for failure to comply with Court orders, in addition to dismissing
> for want of prosecution. *See* Fed. R. Civ. P. 41(b). Plaintiff's failure here to
> comply with the Court's order and effectuate settlement in this matter is
> grounds for dismissing the action under this inherent authority.

*Doc.* 31 at 2-3.  Clearly Defendant adequately performed its obligations under the

settlement agreement and the Orders of the Court.  Plaintiff Castillo's continuing lack of

performance, on the other hand, has caused great prejudice to Defendant Ford with the

ever mounting defense attorney fees it incurs.  Similarly, Castillo's continuing inaction

has significantly interfered with judicial efficiency  and drained precious resources.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Defendant Ford Motor Company's Motion to Dismiss the entire action with prejudice *(Doc. 31)* be **granted**.

<div style="border: 1px solid black;">

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

</div>

_____
UNITED STATES CHIEF MAGISTRATE JUDGE